IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHRISTINA M. WALTERS                                                    PLAINTIFF

v.                                            CIVIL NO. 20-cv-03020

ANDREW SAUL, Commissioner                                              DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Christina M. Walters, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under the provisions of Title XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application for SSI on May 9, 2016. (Tr. 23). In her application, Plaintiff alleged disability beginning on April 5, 2016, due to carpal tunnel syndrome in both hands, fibromyalgia, and chronic fatigue syndrome. (Tr. 23, 216). An administrative hearing was held on October 11, 2017, at which Plaintiff appeared with counsel and testified. (Doc. 20). Plaintiff's boyfriend, Mike Prosser, and a vocational expert ("VE") also testified. Id.

On May 8, 2019, the ALJ issued an unfavorable decision. (Tr. 20). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: cervical facet arthropathy at C7-T1, fibromyalgia manifesting in her neck and shoulders, osteoarthritis, chronic fatigue syndrome, carpal tunnel syndrome bilaterally status

1

post release, and chronic pain syndrome. (Tr. 25-26). The ALJ found Plaintiff's medically determinable impairment of depression with anxiety was nonsevere. (Tr. 26). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 27). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b), except she would be able to frequently handle and finger bilaterally.  (Tr. 27-35).

The ALJ found Plaintiff had no past relevant work.  (Tr. 36). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of inspector hand packager, routing clerk, or office helper.  (Tr. 36-37).  The ALJ found Plaintiff was not disabled from May 9, 2016, through the date of his decision.  (Tr. 37).

Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 21, 22).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th

2

Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  <u>Young v. Apfel</u>, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings two points on appeal: 1) whether the ALJ erred in failing to find that Plaintiff had any severe mental impairments; and 2) whether the ALJ erred by failing to evaluate the combined effect of all of Plaintiffs impairments. (Doc. 21). The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 1st day of February 2021.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

3